## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA

Nichole Darley,                    :
                                   :
    Plaintiff,             :
                                   :
    v.                     :        Civil Action No.
                                   :
Johnson & Johnson,                 :        Jury Trial Demanded
                                   :
    Defendant.             :

### *Complaint*

Plaintiff, Nichole Darley, by and through her attorney, brings this action seeking relief from the employment discrimination of Defendant, Johnson & Johnson (hereinafter "J&J" or "Defendant"), and makes the following allegations:

### *Jurisdiction and Venue*

1. This Court has original jurisdiction to hear this complaint and adjudicate the claims stated herein under 28 U.S.C. §§ 1331 and 1343, this action being brought under the Civil Rights Act of 1866, 42 U.S.C. § 1981 (" Section 1981"), and the Civil Rights Act of 1991, Pub. L. 102-166, 105 Stat. 1071 (Nov. 21, 1991) to redress and enjoin the discriminatory and retaliatory practices of J&J.

2. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because the Defendant resides in this judicial district.

### *Parties*

3. Plaintiff, Nichole Darley, is an African-American female citizen of the United States and a resident of Pennsylvania. She was employed by Defendant from March 7, 2005 until May 12, 2012, when her employment was terminated because of her race and in retaliation for having made a complaint of race discrimination.

4.     Defendant, Johnson & Johnson, a New Jersey corporation, is engaged worldwide in the research and development, manufacture and sale of a broad range of products in the health care field. Johnson & Johnson is a holding company, which has more than 275 operating companies conducting business in virtually all countries of the world. Defendant has a principal place of business located at One Johnson & Johnson Plaza, New Brunswick, New Jersey, with a registered agent for service of process located in this judicial district at CT Corporation Systems PA, 116 Pine Street, Suite 320, Harrisburg PA 17101. The acts set forth in this Complaint were authorized, ordered, condoned and/or done by defendant's officers, agents, employees and/or representatives while actively engaged in the management of defendant's business.

### ***Background Facts***

5.     Darley worked in defendant's Global Talent Management Department as the Manager for North America and Global Learning Technology.

6.     Darley was the sole Black professional at defendant's corporate headquarters in New Jersey in the Global Talent Management Department, which comprised 20 – 40 employees.

7.     At the inception of her assignment in the Global Talent Management Department, Darley had six (6) direct reports. She reported to Lisa Rapolos, a White female and defendant's Director or Learning and Development.

8.     Darley initially performed the required functions of her position without any problems or resistance. It soon became apparent to her that Rapolos was treating her differently than her peers. Darley complained to Rapolos's direct supervisor, Carol Peccarelli, a White female and defendant's Vice President of Learning and Development, about the unequal treatment. She told Peccarelli, "I think that [Lisa] treats me differently than everyone else."

9.     Darley made an appointment with defendant's Human Resources Department and was able to meet with Ellen McMahon, a White female and one of defendant's Human Resources Representatives. Darley told McMahon that she believed that Rapolos was treating her differently than her peers because of cultural differences. McMahon replied, "Oh, I am not going to write this down because it is something that you really need to think about. Think about it because that [accusation] could potentially ruin someone's career."

10.     Defendant never followed up on Darley's complaint of racially discriminatory treatment against Rapolos.

11.     Shortly thereafter, on or about November 9, 2010, because of the stress caused by the discriminatory treatment she experienced from Rapolos, Darley went out on short term disability.

12.     Darley was out from November 9, 2010 through May 2011 on short term disability, when she was assessed for long term disability.

13.     As a result of that assessment, Darley was out from work on long term disability from May 2011 until May 10, 2012, when she was released from long term disability and eligible to return to work.

14.     On May 10, 2012, Darley called defendant's Human Resources Department and inquired about available jobs. On May 12, 2012, one of defendant's Human Resources Representatives called Darley and left a voicemail message stating that there were no jobs available at defendant for her in any capacity, effectively terminating her employment. After receiving the voicemail, Darley then called defendant's Human Resources office three times to inquire about available positions. She never received a return call.

15.     Darley was terminated because of her race and in retaliation for having made a complaint of race discrimination against Rapolos.

16.     Darley complained to the appropriate person at defendant about Rapolos's discrimination.  However, defendant's failed to timely or adequately address her complaint.

17.     Defendant's actions were intentional, malicious, and in reckless disregard of Darley's right to be free from discrimination and retaliation.

18.     As a direct and proximate result of defendant's actions and omissions, Darley suffered loss of income, loss of professional opportunities, embarrassment, humiliation, anxiety and mental anguish.

## PLAINTIFF'S CLAIMS

### *Count I*

### The Civil Rights Act of 1866, 42 U.S.C. Section 1981

19.     Plaintiff restates and realleges paragraphs 1- 18, inclusive, as though set forth here in full.

20.     Defendant discriminated and retaliated against Darley by denying her the same rights as enjoyed by White employees with respect to the terms and conditions of their employment relationship with defendant and to the enjoyment of all benefits, privileges, terms and conditions of that relationship, in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended.

21.     Defendant's conduct was intentional, deliberate, willful and in callous disregard of Darley's rights.

4

22.     By reason of defendant's discrimination and retaliation, Darley is entitled to all legal and equitable remedies available under Section 1981, including but not limited to damages for mental anguish and punitive damages.

### *Jury Demand*

23.     Plaintiff hereby demands a trial by jury as to all issues so triable.

### *Prayer for Relief*

WHEREFORE, Plaintiff, Nichole Darley, respectfully prays that this Court:

a.     adjudge, decree and declare that defendant has engaged in illegal race discrimination and retaliation against her and that the practices of defendant complained of herein are violative of her rights;

b.     issue a permanent prohibitory injunction prohibiting defendant and its officers, agents, employees, and successors from engaging in any further unlawful practices, policies, or customs of discrimination and retaliation complained of herein;

c.     order defendant to provide appropriate job relief to Darley;

d.     enter judgment in favor of Darley and against defendant for all available remedies and damages under law and equity, including, but not limited to, reinstatement, back pay, front pay, and past and future mental anguish and pain and suffering in amounts to be determined at trial;

e.     order defendant to pay punitive damages to Darley in an amount to be determined at trial;

f.     order defendant to pay the attorney's fees, costs and expenses and expert witness fees of Darley associated with this action;

5

g.       grant such other and further legal and equitable relief as may be found appropriate

and as the Court may deem just or equitable; and

h.       retain jurisdiction until such time as the Court is satisfied that defendant has

remedied the unlawful and illegal practices complained of herein and is determined to be in full

compliance with the law.

Dated: May 12, 2014

Robert T Vance Jr (RTV3988)
Law Offices of Robert T Vance Jr
100 South Broad Street – Suite 910
Philadelphia PA 19110
215 557 9550 tel
215 278 7992 fax
rvance@vancelf.com

*Attorney for Nichole Darley*